FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 MAR -5  PM 12: 57

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YOLANDA M. SANDERS, ET AL. | CIVIL ACTION |
| VERSUS | NO. 05-2166, c/w 06-1966 |
| WASHINGTON MUTUAL HOME LOANS, INC., ET AL. | SECTION "N" |

### ORDER AND REASONS

Presently before the Court is the "Motion for Entry of Judgment" that has been filed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, by Plaintiffs/Intervenors Charles and Andria Robinson (Rec. Doc. No. 178). The motion is opposed.

As this Court recently stated in *Gulf Belting & Gasket Co., Inc. v. Select Ins. Co.*:

> Federal Rule of Civil Procedure 54(b) allows a court dealing with multiple claims or parties to direct the entry of a final judgment "as to one or more but fewer than all of the claims or parties" in a case, "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). Before directing entry of judgment under Rule 54(b), a district court must first determine that the judgment at issue is a "final judgment" in that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 466 U.S. 1, 7, 104 S. Ct. 1673, 80 L. Ed.2d 1 (1980). The court must then determine whether there is any just reason for delay. *Id.* at 8. The district judge has discretion in this regard. *Id.*

*Gulf Belting & Gasket Co., Inc. v. Select Ins. Co.*, Civ. Action No.04-2397, 2005 WL 3543785 (E.D. La.).

Here, the Court's November 29, 2006 oral ruling, which was rendered in open court,

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

granted partial summary judgment in favor of Defendant Washington Mutual on the Robinsons' claims pertaining to the assessment of an administrative fee. This dismissal also mooted the Robinsons' request for class action certification regarding those claims. *See* Minute Entry Entered on May 11, 2006 (Rec. Doc. No. 100); Minute Entry Entered on December 1, 2006 (Rec. Doc. No. 168); Transcript of November 29, 2006 Hearing (Rec. Doc. No. 174).

The Court finds it significant that delaying appeal of this matter impacts a potential class, in addition to the Robinsons. Further, the Court notes that the remaining claims are in the relatively early stages of litigation. Indeed, no trial date has been set, and the Court has just allowed Intervenor Tamika Jackson to add a claim and an additional defendant to the litigation.

Accordingly, given the foregoing, the Court finds that its November 29, 2006 ruling is a final judgment in that it is an ultimate disposition of the Robinsons' claims pertaining to the assessment of an administrative fee. The Court additionally finds that there is no just reason for delaying appeal of that ruling. Thus, **IT IS ORDERED** that the motion for entry of judgment is **GRANTED**. The Court shall sign the proposed Judgment submitted with the Robinsons' motion.

New Orleans, Louisiana, this 2nd day of March, 2007.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE